BARRY, Judge.
Plaintiff, Beverly Carruth, sued her employer and its insurer for compensation benefits. It was stipulated that on February 3, 1977 plaintiff suffered a slip and fall accident while in the course and scope of her employment. The trial court awarded compensation during temporary total disability, LSA-R.S. 23:1221(1), and denied assessment of penalties and attorney’s fees.
Plaintiff filed this appeal claiming that she was permanently and totally disabled at the time of trial, November 27, 1978, and that the district court erred in awarding temporary total disability. The defendant answered urging adoption of the trial judge’s factual determination.
There is no question of plaintiff’s total disability, only whether the disability is temporary or permanent.
During plaintiff’s employment as a waitress she slipped on a wet greasy floor and fell striking the lower half of her body. Two days later she saw her family physician who referred her to Dr. Hamsa, an *100 orthopedic specialist, and on February 8, 1977 she was hospitalized for evaluation of severe back pain. A neurosurgeon and another orthopedic surgeon were brought in for consultation. All three doctors recommended a myelogram which was performed on February 15, 1977 and proved negative. Plaintiff was discharged from the hospital three days later with a diagnosis of severe back strain and told to avoid any heavy work.
Plaintiff’s complaints continued and eight days later she was re-hospitalized for administration of a bone scan, electromyelo-gram and second myelogram. All of these tests were negative. Plaintiff was discharged from the hospital on March 19, 1977 and was seen by Dr. Hamsa during April and May of 1977.
Carruth was next seen by Dr. Adatto, an orthopedist, who wanted to perform an EMG and epidural venogram but could not because she was pregnant. Conservative treatment was continued until after birth of the baby in February, 1978. In the interim during October of 1977 plaintiff visited Dr. Kitziger, an orthopedic surgeon, at the request of the compensation insurer. Dr. Kitziger performed reflex and range of motion tests which were normal. Again, no X-rays were taken due to her pregnancy, but Dr. Kitziger opined that Carruth was able to return to work as a waitress and, based on this report, compensation benefits were discontinued by the employer.
On June 21, 1978, plaintiff went to see another orthopedic surgeon, Dr. Watermeier, and continued under his care until the time of trial. Based on the patient’s physical appearance and subjective symptoms, Dr. Watermeier hospitalized her and performed a lumbar myelogram, leg and epidural venograms and a lumbar discogram. The lumbar discogram proved positive indicating a degenerative disc pressing on the nerve root. An operation was performed and a bulging or herniated disc was removed.
After surgery the patient continued to complain of severe pain in her legs and back. Dr. Watermeier stated in his deposition of August 29, 1978 that he was unable to find the exact cause of plaintiff’s pain and he planned to re-hospitalize her.
On October 31, 1978, approximately 4 weeks before trial, Carruth was examined again by Dr. Kitziger who noted that her condition changed substantially since her last examination before the laminectomy. Dr. Kitziger found post-operative blood clots in her legs and also evidence of sciatic nerve damage. He stated that he could not predict whether the patient would ever revert to her pre-surgical status; however, as of October 31, 1978 she was disabled from gainful employment. This opinion was shared by Dr. Watermeier who said in his deposition on August 29, 1978 that Carruth was incapable of even light work. There is evidence in the record that after the depositions of Drs. Kitziger and Watermeier a second operation was performed to remove another disc.
Our criteria to determine whether the total disability is temporary or permanent is plaintiff’s condition at the time of trial.
The Supreme Court provided a general rule in order to determine permanent total disability in Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La., 1976) at p. 987:
“A judgment for total permanent disability should be awarded when the claimant is shown to be totally disabled at the time of trial and the duration of such disability is indefinite or the evidence does not clearly indicate its duration.” [1]
The extensive medical record of the plaintiff began after her accident in February 1977, and continued until the time of trial. Her treating physician has not yet discovered the cause or the cure for her condition. There is no dispute that she is totally disabled and that her accident was work related. This employee has experienced two laminectomies, four myelograms, two venograms, and a discogram. The trial *101 judge was correct in finding Carruth to be totally disabled at the time of trial. At that point the Walker, supra, rule should have been applied, rendering plaintiff permanently totally disabled. She is clearly and unmistakable entitled to workmen’s compensation benefits based upon a permanent total disability; the lower court judgment to the contrary is manifest error.
It was stipulated between counsel that the rate of compensation to be paid is $46.67 per week representing 66%% of her wages.
Accordingly, the judgment of the District Court is amended awarding permanent and total compensation benefits to Beverly J. Carruth beginning February 3, 1977 under the provisions of LSA-R.S. 23:1221(2). All other portions of the judgment are affirmed and costs of this appeal are assessed to appellee.

AMENDED AND AFFIRMED.

. Reaffirmed in Wiley v. Southern Cas. Ins. Co., 380 So.2d 214 (La.App., 3rd Cir. 1980).